# FEBRUARY 14, 1940

S. L. BACARISSE V. THE STATE.

No. 20782. Delivered February 14, 1940.

The opinion states the case.

*Miller & Sapp,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The unlawful making of an assignment of an oil, gas and mineral lease upon land in which the appellant knew he had no interest is the offense. The penalty assessed is a fine of $500.

It appears from the record that appellant and his associates had an oil, gas and mineral lease from the owners of the land mentioned in the indictment. The owners contended that appellant forfeited his rights under said lease by not complying with the terms thereof relative to the drilling of a well or paying the annual rentals as stipulated. They, (the owners), requested a release of the lease contract, which appellant declined to give, contending that he had substantially complied with the terms thereof.

At the March Term, 1939, of the District Court of Lavaca County, appellant was indicted, charged with the offense above

stated, and on the 5th of June, he was put on trial in the County Court of Lavaca County and convicted. There are a number of questions presented for review. However, in our opinion, we need discuss only the one relating to the jurisdiction of the Court. On his trial, appellant challenged the right of the County Court of Lavaca County to try him, inasmuch as the alleged offense, if committed at all, was not committed in Lavaca but in Harris County. The State introduced in evidence the alleged assignment executed by appellant, bearing date February 28, 1939, and purporting to have been acknowledged by him on the same day before R. A. Davis, a Notary Public in and for Harris County, Texas. Appellant testified that on his return from Dallas to Houston, he gave the assignment to Mr. Tunstill. There is not any evidence in the record from any source showing that appellant was even in Lavaca County on said date, much less that he made the assignment in said last mentioned county.

Since the Legislature, when it enacted the law under which this conviction was had, (Acts 42d Legislature, 1931, Reg. Sess., H. B., 195, Chapter 263, p. 439) failed to state where the venue for offenses under said act should lie, we are relegated to the general venue statute, Art. 211 C. C. P., which reads as follows: "If venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed."

It is true that this statute (under which the prosecution was had) was placed in the penal code under chapter two of Title 14, which chapter relates to the forgery of land titles, etc. In such place it is denominated as Art. 1011a P. C.; but the act itself does not come within the definition of forgery, and no legislative authority anywhere appears for placing it under said chapter, so as to make the law with reference to venue in forgery cases apply. It is obvious that in the absence of any provision by the Legislature prescribing the venue of prosecutions for a violation of said act, the general venue statute would necessarily apply. Consequently, in applying the same to the facts of this case, we are constrained to hold that the venue of the case lies in Harris and not in Lavaca County. There was no assignment of the lease until it was signed, acknowledged and delivered; all of which occurred in Harris County. By Arts. 187 to 207 C. C. P., the Legislature has specifically provided where venue of certain offenses therein named should lie, but no such provision has been made for the offense denounced by this statute.

It may not be amiss to remark that it appears to us, from

the record, that the matter involved in this prosecution is more properly a subject for the civil courts, as the bone of contention seems to be whether appellant had complied with the terms of the lease.

Having reached the conclusion that the Court should have sustained appellant's plea to the jurisdiction, the judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.